■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANYA TORRES, Also Known as TANYA SALGADO, Appellant.

[744 NYS2d 369] —Judgment, Supreme Court, Bronx County (Patricia Williams, J.), rendered April 4, 2000, convicting defendant, after a jury trial, of robbery in the first and second degrees and assault in the second degree, and sentencing her, as a second felony offender, to an aggregate term of nine years, unanimously affirmed.

The court did not deprive defendant of her right to counsel by denying the request of defendant's lead counsel to divide voir dire responsibilities with co-counsel. The limited restriction of permitting only one of defendant's two attorneys to directly address prospective jurors was in keeping with the ability of trial courts "[to] retain appropriate discretion to control their courtrooms and trial proceedings generally and the process of voir dire examination of prospective jurors in particular" that has consistently been applied to limits placed by courts upon the scope of questions that counsel may ask during voir dire (*People v Vargas*, 88 NY2d 363, 377; *see also*, *People v Boulware*, 29 NY2d 135, 140, *cert denied* 405 US 995). Defendant's second attorney sat at the defense table throughout the voir dire, and there was no limitation upon the attorneys' ability to confer and thus jointly participate in the ultimate selection of jurors.

We note that each of defendant's attorneys was present in the courtroom during all phases of the trial and individually undertook specific trial duties without intervention by the court, further demonstrating that there was no abridgement of the constitutional right to the assistance of counsel (*compare*, *People v Knowles*, 88 NY2d 763). Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Marlow, JJ.